MASTERSON et al. v. O'FIEL. (No. 547.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 20, 1920. Rehearing Denied March 3, 1920.)

1. PLEADING ⊚⟶111—VENUE ⊚⟶57—PLEA OF PRIVILEGE SUSTAINED IN ABSENCE OF CONTROVERTING AFFIDAVIT; COURT CANNOT SEVER ON ITS OWN MOTION AND TRANSFER CAUSE IN PART.

Where two defendants filed pleas of privilege, and plaintiff filed a controverting affidavit only as to one of them, both of the pleas should have been sustained under Acts 35th Leg. (1917) c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), and the cause as to both defendants transferred, since the trial court on its own motion cannot enter an order of severance and transfer same in so far as it affected the defendant whose plea was not controverted.

2. PLEADING ⊚⟶111 — FRAUD HELD NOT SHOWN TO DEFEAT PLEA OF PRIVILEGE.

In an action based on alleged fraudulent representations made by defendants as to the title to land in the county, evidence by plaintiff, on presentation of plea of privilege by defendants, held not to sustain his allegation of fraud.

3. PLEADING ⊚⟶111—AS AGAINST PLEA OF PRIVILEGE, PLAINTIFF MUST BOTH ALLEGE AND PROVE FACTS ESTABLISHING VENUE.

As against a plea of privilege, the plaintiff must not only allege facts that establish the venue, but he must sustain such facts by proof.

Appeal from District Court, Jefferson County; J. L. Manry, Judge.

Suit by David E. O'Fiel against H. Masterson and another. From an order overruling their pleas of privilege, the defendants appeal. Reversed and remanded, with instructions to transfer the cause.

Elliot Cage, of Houston, for appellants. W. O. Scott, of Houston, for appellee.

WALKER, J. This suit was filed by David E. O'Fiel, who resides in Jefferson county, Tex., against H. Masterson and T. H. Bonner, who reside in Harris county, Tex.

The suit was based on alleged fraudulent representations made to plaintiff by Bonner and J. E. Winfree, agent and attorney of defendant Masterson, in connection with the title to a piece of property which Bonner, as trustee, sold in Jefferson county, Tex., under the direction of said Winfree. The plaintiff bought this property at the trustee's sale, relying on representations as to title made by the trustee and Winfree, which representations he alleges to be false. Both defendants filed pleas of privilege to be sued in Harris county. Plaintiff filed a contesting affidavit against Masterson's plea but none against Bonner's plea. Plaintiff prayed for a joint judgment against the defendants, and, on presentation of the pleas of privilege, did not ask permission to dismiss as to either of them. These pleas of privilege were overruled by the court, and from this order they have appealed to this court.

On the issue of venue, O'Fiel testified:

"On or about February 6, 1917, the date we alleged in this petition, in my business as practicing attorney I had occasion to be at the courthouse in Jefferson county, Tex. * * * I saw this gentleman over there, Mr. Winfree, whom I afterwards learned was an attorney practicing at the Houston bar, and that he is employed in the office of Mr. H. Masterson. * * * On this occasion they were out there, this fellow Winfree and Bonner, the man named in this deed of trust as the trustee, and were selling this land under a notice of sale under their deed of trust, and reading it off. * * * Nobody bid except Mr. Winfree when the bids were first opened. I think his first bid was $25. Then I bid, and we kept the thing rocking along until it got to about $700, * * * and I raised him to $725. Mr. Winfree stepped up and said: 'Let me see, how much is due on this thing? I believe I will let you have it.' * * * It seemed to be a good deal. It was a one-half undivided interest on 305 acres. * * * So these boys said, 'Who do you want to make the deed to?' and I said: 'I bought it. Make it to me.' * * * On the way up I asked these two gentlemen. * * * I wanted to find out who they were supposed to be representing, and so I found out from Mr. Winfree that he was a young attorney * * * employed by Mr. Masterson. * * * Mr. Bonner had been connected with this First Mortgage Trust Company of San Antonio. * * * I found out further that he was then living in Houston and connected with some bank there. * * * I then asked them if they knew anything about the title to the property, and this man Bonner went on to tell about this transaction in which they took the note from 'W. B. Stewart. * * * They caused an examination to be made of the title to the land, and that their attorney had advised them that it was good, and he advised me that he thought it was good. He said it was good and they had an abstract; that this abstract was then in the possession of Mr. Masterson of Houston. * * * Mr. Winfree also assured me that at the time Mr. Masterson acquired this note that he had caused an examination of the title to be made, and that the title was good; that I took no chances whatever in acquiring the title to the land through them. * * * If they hadn't advised me that the title to this land was good, I would not have paid the money to them without making an examination of the title. * * * I had not examined the title to it, but it was my intention to put up a certain amount in escrow to bind the deal, in the event everything was all right; but they assured me so positively that the title was good, that I just paid the whole amount to them. I went into the tax assessor's office and saw that this land was assessed to C. C. Roberts, that is, Claude Roberts, so I went up to Claude and asked him what sort of title he was holding to this land, and he told me he had bought it from Stewart, so he brought out his papers and showed me a deed from Stewart and wife to himself for this same land prior to the execution of the deed of trust. It was prior to the note and deed of trust, and I went on down to the courthouse and I couldn't find where they had acquired the title afterwards at all, that is, Stewart, so I went back to these parties (referring to Bonner and Winfree), at the depot in Beaumont, Jefferson county, Tex., and asked them for my money. These boys seemingly appeared mystified, but their manner was such that they knew something was wrong, but anyhow they refused to give me my money back."

[1] Defendants' pleas of privilege should have been sustained. As no controverting affidavit was filed against Bonner's plea, under chapter 176, Acts of 35th Legislature, p. 388 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), the same should have been sustained and the cause as to both defendants transferred to Harris county. The trial court, on his own motion, could not enter an order of severance and transfer the same, in so far as it affected Bonner, to Harris county, and retain jurisdiction of same in so far as it affected Masterson. Morrison v. Richards, 207 S. W. 205.

[2, 3] Plaintiff, by his proof, failed to sustain his plea of fraud. He made no attempt to show that the title, as reflected by the abstract held by Masterson, was not good; nor did he show that the deed from Stewart to Roberts was of record when the deed of trust under which he bought was executed, and filed for record; nor did he show that the other statements made by Winfree and Bonner, on which they based their opinion that the title was good, were false. As against a plea of privilege the plaintiff must not only allege facts that establish the venue, but he must sustain such facts by proof. The old rule applies, "The allegata and probata must correspond." Ray v. Kimball, 207 S. W. 351.

The judgment is reversed, and the cause remanded, with instructions to the trial court to transfer this cause to the district court of Harris county, Tex.