## BLAKE v. B. F. DITTMAR CO.

### No. 9026.

Court of Civil Appeals of Texas. San Antonio.

March 15, 1933.

Conger & Conger, of San Antonio, and J. Q. Henry, of Mission, for appellant.

Leo Brewer and Olind H. Pitman, both of San Antonio, for appellee.

MURRAY, Justice.

B. F. Dittmar Company, appellee, instituted this suit in the Forty-Fifth district court of Bexar county against Thomas W. Blake, appellant herein, and others. The suit was based upon a note signed by Thos. W. Blake and indorsed by W. E. Pope and Lucile S. Pope. Blake resided in Harris county, and W. E. Pope and Lucile S. Pope resided in Nueces county. The note was payable in Nueces county.

There is no theory on which this suit could be maintained in Bexar county as an original proposition. It is contended by appellee that, W. E. Pope and Lucile S. Pope having filed answers, it may now properly maintain suit in Bexar county against these two defendants, and, having gained venue over these two defendants, it is now entitled to retain venue in Bexar county over appellant by reason of the provisions of article 1995, subd. 29a, R. C. S. 1925, as added by Acts 1927, 1st Called Sess., c. 72, § 2 (Vernon's Ann. Civ. St. art. 1995, subd. 29a). This being appellee's contention, it should have alleged these facts in its controverting affidavit, which was not done. Appellant's exceptions should have been sustained. But, regardless of this defect in the controverting affidavit, appellant's plea of privilege should have been sustained by the trial court.

Article 1995, subd. 29a, reads as follows: "Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

We construe this provision of the statute to mean that such suit must be lawfully maintainable in the county in which it is instituted as to at least one defendant under the law, and not as a result of the waiver of one such defendant.

The fact that W. E. Pope and Lucile S. Pope did not see fit to file a plea of privilege, but submitted themselves to the jurisdiction of the Bexar county court, could not divest appellant of his right to be sued in the county of his residence, which right he unquestionably had, up until the time the other defendants filed their answers.

Appellee points out that to grant appellant's plea of privilege will cause a multiplicity of suits. This position is not well taken. The trial court should have granted this plea of privilege and transferred the entire cause of action as against all defendants to Harris county. The court could not grant a severance of this cause of action on his own

motion. Masterson v. O'Fiel (Tex. Civ. App.) 219 S. W. 1117; Morrison v. Richards (Tex. Civ. App.) 207 S. W. 205.

The judgment is reversed, and the cause remanded, with instructions to the trial court to transfer this cause to the district court of Harris county, Tex.