## BEHANNON v. TEXAS REFINING CO.
### No. 2674.

Court of Civil Appeals of Texas. Beaumont.
Feb. 7, 1935.

Rehearing Denied Feb. 13, 1935.

W. O. Seale, of Lufkin, and Morris & Bennett, of Beaumont, for appellant.

Smith, Smith & Boyd, of Beaumont, for appellee.

COMBS, Justice.

This appeal is by writ of error, but we will designate the parties as appellant and appellee.

Appellee filed this suit in county court of Jefferson county at law against appellant, W. A. Behannon, seeking recovery of approximately $900, being principal and interest, alleged to be due it on an open account for certain merchandise sold by it to Behannon Bros. at Lufkin, Angelina county, Tex., on October 11, 1931. In its petition appellee alleged that, at the time it sold the goods to Behannon Bros., said firm was a partnership composed of appellant and his brother, R. J. Behannon, and that said partners became jointly and severally liable for the payment of the debt; that R. J. Behannon had since become insolvent and had taken bankruptcy. It prayed for judgment against appellant for the amount of its debt. Appellant, a citizen of Jefferson county, filed an answer consisting of a general demurrer and a special exception to the effect that R. J. Behannon, a necessary party, had not been joined in the suit. The exceptions were followed by a sworn plea denying partnership and by an alternative plea that R. J. Behannon, a citizen of Angelina county, was a necessary party to the suit, and prayed that he be made a party defendant in the suit. It appears that citation was issued on this pleading and served on R. J. Behannon, who did not answer, but instead filed a plea of privilege claiming his right to be sued in Angelina county. The plea of privilege not being controverted, the trial court entered the following order: "On this date came on to be heard plea of privilege in above cause and it appearing to the Court that said plea is not controverted. It is therefore ordered and adjudged that said plea be in all things sustained and the Clerk of this Court is hereby ordered to prepare and transfer to the County Court of Angelina County, a complete transcript of all orders together with all papers in said cause."

Thereafter appellant, W. A. Behannon, together with R. J. Behannon, appeared by attorney in the county court of Angelina county and procured a judgment that plaintiff, Texas Refining Company, take nothing against them, and that they recover their costs of said plaintiff. Appellee, Texas Refining Company, made no appearance in the Angelina county proceeding. Later the suit was reached for

trial on the docket of the county court of Jefferson county at law, whereupon appellant pleaded the judgment in the county court of Angelina county as res adjudicata of appellee's cause of action. The trial court, after hearing the evidence, overruled the plea and submitted the controverted issues of fact to a jury. The jury, in response to the first issue submitted, found that appellant, W. A. Behannon, was in fact a member of the partnership of Behannon Bros. on October 11, 1931. Upon the verdict the trial court entered judgment for appellee, as prayed for.

No assignment is made against the finding of the jury. The sole issue presented by the appeal is the contention that the trial court erred in refusing to sustain appellant's plea of res adjudicata. We think the judgment of the trial court on this issue was correct.

■■■ Appellant's contention that the judgment of the county court of Angelina county was a valid and final adjudication of the appellee's cause of action against him is grounded upon the theory that the sustaining of the plea of privilege of R. J. Behannon and the court's order thereon above set out had the effect of transferring the entire suit from the county court of Jefferson county at law to the county court of Angelina county. Such theory is not sound. Appellee sought no judgment against R. J. Behannon. Instead, it sought recovery for the entire partnership debt against the other partner, appellant, W. A. Behannon, alone. This it had a right to do, since the partnership obligation, and under the finding of the jury it was a partnership obligation, was joint and several. R. J. Behannon was brought into the suit by appellant, and, if he was ever properly a party to the proceeding at all, it was only that appellant might compel him, as copartner, to contribute toward any judgment which appellee might obtain on the partnership debt. Appellee was, of course, in no way concerned in the matter of liability as between the partners themselves. The effect, therefore, of the order of the trial court in sustaining the plea of privilege of R. J. Behannon was to transfer to the county court of Angelina county the cause of action between the Behannons. Plaintiff's suit against W. A. Behannon for its debt was in no way affected by the transfer. The county court of Angelina county never acquired any jurisdiction of the main cause of action nor of appellee. Hence the judgment of that court, in so far as it purported to adjudicate appellee's cause of action against appellant, was a nullity. On the proposition that, where the cause of action is severable as between certain defendants and venue is properly laid as to one, the sustaining of the plea of privilege of the other defendants does not transfer the entire case, the following cases are in point: Comer v. Brown (Tex. Com. App.) 285 S. W. 307; Standard Accident Ins. Co. v. Pennsylvania Car Co. (Tex. Civ. App.) 15 S.W.(2d) 1081.

The authorities cited by appellant in support of his proposition, such as Masterson v. O'Fiel (Tex. Civ. App.) 219 S. W. 1117 and Blake v. B. F. Ditmar Co. (Tex. Civ. App.) 58 S.W.(2d) 548, are not in point. A careful reading of the opinions in such cases will disclose that the holding to the effect that sustaining the plea of privilege of one defendant transferred the entire suit was based upon the fact that the cause of action was not severable but joint, or that the venue was not properly laid as to any defendant properly a party to the suit.

It is our conclusion that appellant's plea of res adjudicata was properly overruled by the trial court. The judgment is affirmed.