**ORTIZ OIL CO. v. FARMERS' STATE BANK et al.**

**No. 2794.**

Court of Civil Appeals of Texas. Beaumont.

Oct. 24, 1935.

Sanders & McLeroy, of Center, for appellant.

J. M. Sanders, W. I. Davis, C. E. Avery, and C. B. Wallace, all of Center, for appellees.

WALKER, Chief Justice.

On the 15th day of June, 1934, "Ortiz Oil Company, by J. I. Staley, president," gave to W. I. Davis a check for $1,000 drawn on the City National Bank, Wichita Falls, Tex., reciting on its face "in payment of lease 1240 @ $860.00 pd in cash." W. I. Davis on his personal indorsement cashed this check at Farmers' State Bank, a private banking corporation domiciled at Center, Shelby county, Tex., and paid the $1,000 to Pittman (E. W. Pittman). Through its banking connections the Farmers' State Bank forwarded this check to the drawee for payment, but, upon presentation, payment was refused. Thereupon, Farmers' State Bank instituted this suit in the district court of Shelby county against City National Bank, a private banking corporation, domiciled in Wichita county, Ortiz Oil Company, a private cor-poration domiciled in Wichita county, and W. I. Davis, of Shelby county, to collect the amount paid by it to Davis upon the check. Davis answered praying for judgment over against Ortiz Oil Company and E. W. Pittman for the $1,000, and for general relief. Pittman answered by plea against Ortiz Oil Company, alleging that the consideration of the check was a mineral lease executed by him in Shelby county to Ortiz Oil Company upon his land situated in Shelby county. City National Bank and Ortiz Oil Company each answered by pleas of privilege to be sued in Wichita county. No controverting affidavit was filed against the plea of the defendant bank, and plaintiff bank took a nonsuit against this defendant "with prejudice." Davis and Pittman each filed controverting affidavits against the plea of privilege of Ortiz Oil Company, alleging, in substance, the facts of their answers, making their answers part of their plea and, among other grounds, claimed venue in Shelby county under subdivision 23, article 1995, Revised Statutes, providing that suits against a private corporation "may be brought in any county in which the cause of action, or a part thereof, arose"; and, in this connection, pleading that the contract whereby Pittman leased his land to Ortiz Oil Company was made in Shelby county. On hearing, the plea of privilege of Ortiz Oil Company was overruled, and it has prosecuted this appeal from that judgment.

There is no merit in the contention that by granting the plaintiff's nonsuit against City National Bank the lower court lost jurisdiction of Ortiz Oil Company. The causes of action against these two defendants were severable, and the court could grant the plea of City National Bank or permit a nonsuit as to the claim against it, and still retain jurisdiction of Ortiz Oil Company. Behannon v. Texas Refining Company (Tex.Civ.App.) 78 S.W. (2d) 1017.

There is no new or novel question of law presented by this appeal. It is purely a fact question whether or not the evidence supported the allegations of the controverting affidavits. After a careful review of the testimony, we have concluded that appellees made a prima facie case on the following issues: (a) Ortiz Oil Company was a private corporation, domiciled in Wichita Falls, Wichita county, Tex.;

(b) J. I. Staley was its president, with general powers to purchase in its name and for its use and benefit oil leases of the nature of the lease in controversy; (c) acting for Ortiz Oil Company in Shelby county, J. I. Staley, as its president and manager, did purchase from E. W. Pittman an oil lease on his land and did obligate Ortiz Oil Company to pay for this lease $1,860, and in part payment of that sum did, within the authority granted him by Ortiz Oil Company, execute and deliver to W. I. Davis, for the use of Pittman, the $1,000 check sued upon; (d) J. I. Staley, as president and manager of Ortiz Oil Company, had the power to issue this check and to bind Ortiz Oil Company for its payment; (e) the contract whereby Ortiz Oil Company, through its president, purchased this lease, was made in Shelby county; the leased premises were situated in Shelby county; the check was issued by J. I. Staley and delivered in Shelby county, as per the terms of the contract whereby Ortiz Oil Company purchased the lease.

The judgment of the lower court, having support in the facts, is in all things affirmed.