COOPER et al. v. UNITED PRODUCERS
CO. et al.
No. 13479.

Court of Civil Appeals of Texas.
Fort Worth.
May 15, 1936.

Rehearing Denied June 19, 1936.

Russel A. Bonham and Mary Nan Bonham, both of Houston, for appellants.

Kilgore & Rogers, of Wichita Falls, for appellees.

DUNKLIN, Chief Justice.

Mattie Cooper and Russell A. Bonham instituted two suits in the district court of Harris county to cancel an oil and gas lease on certain real estate in Duval county, Tex. In both of those suits it was alleged that the lease was procured by fraudulent misrepresentations of D. H. Rubsam, acting for himself and as the authorized agent of the United Producers Company, a corporation, in whose name the lease was executed. The first suit was filed on the 6th day of November, 1935. In that suit the United Producers Company and D. H. Rubsam were named as defendants, with allegations that Rubsam was a resident citizen of Wichita county, and that the United Producers Company had its principal office and place of business in that same county. Both of those defendants filed pleas of privilege to be sued in Wichita county, which pleas were duly sustained, on January 4, 1936, and the cause was ordered to be transferred to the district court of Wichita county. No appeal was taken from that order.

In accordance with that ruling, the record in the case was filed in the district court of Wichita county, on January 7, 1936. On January 8, 1936, the United Producers Company filed an answer in that suit and also a cross-action against the plaintiffs for judgment confirming title to the lease in accordance with its terms; and C. A. Cooper was also made a party defendant to the cross-action. On the same day and after the cross-action was filed, plaintiffs filed with the papers of the case an instrument in writing, addressed to the judge of that court, reading as follows: "Come now Mattie Cooper and Russell A. Bonham, plaintiffs in the above entitled cause, and dismiss their suit against the above named defendants without prejudice at plaintiffs' cost."

But there is no showing in the record that it was ever brought to the attention of the judge or acted upon by him.

The same suit was filed in the district court of Harris county on January 7, 1936.

On January 8, 1936, after the filing of the cross-action in the district court of Wichita county, the United Producers Company filed an application for a temporary writ of injunction restraining the plaintiffs from further prosecuting the second suit.

The assignments of error and propositions presented by appellants here are all based primarily upon the contention that the proceedings in the first suit and all orders entered therein were void because Mattie Cooper was then a married woman and was not joined in the suit by her husband, C. A. Cooper, a necessary party.

In the first suit, it was alleged that the land was purchased on the 2d day of October, 1928, while Mattie Cooper was the wife of C. A. Cooper, but the purchase price was paid out of her own separate means and therefore the land belonged to her separate estate; but there was no allegation in the petition as to whether or not he was still her husband at the time the suit was filed, or that he had refused to join her in the suit; nor was there any allegation from which any inference could be drawn that Mattie Cooper was then a feme sole.

In the second suit it was alleged by the plaintiffs that Mattie Cooper had been divorced from C. A. Cooper and that the land in controversy was her separate property, both by reason of the fact that her separate means had paid therefor and also by reason of the fact the title thereto had been awarded to her in the divorce decree. In the petitions in both those suits it was alleged that Russell A. Bonham owned an undivided interest in the land in controversy, which had been assigned to him as compensation for services rendered by him as attorney for Mattie Cooper.

In both suits it was alleged that when Mattie Cooper purchased the land in controversy title thereto was taken in the name of C. A. Cooper, and that the lease given to the United Producers Company was executed on the 24th day of June, 1935, by both C. A. Cooper and Mattie Cooper, and duly acknowledged by them as husband and wife.

In the second suit filed by the plaintiffs the following were named as defendants: United Producers Company, Reynosa Oil Company, Humble Oil & Refining Company, D. H. Rubsam, and C. A. Cooper, with allegations that the Reynosa Oil Company and the Humble Oil & Refining Company were wrongfully trespassing upon the property and that C. A. Cooper was made a party defendant by reason of having executed the oil and gas lease, and title to the land stood in his name.

After the first suit was filed in Wichita county upon a change of venue, the Petroleum Producers Company filed a plea of intervention in that suit on February 13, 1936, claiming an interest in the lease.

■ Appellants cite article 1983, Rev. Civ.Statutes of 1925, which provides that by authority of the law a wife may sue for the recovery of her separate estate in case her husband fails or neglects to do so. And numerous decisions are cited, to the effect that a husband is a necessary party plaintiff to a suit by the wife in the absence of allegations that he had neglected to file such suit in her behalf. The decisions cited in support of that proposition include Ortiz Oil Co. v. Railroad Commission (Tex.Civ.App.) 62 S.W.(2d) 376; Mitchell v. San Antonio Public Service Co. (Tex.Com.App.) 35 S.W.(2d) 140; Barmore v. Darragh (Tex.Civ.App.) 227 S.W. 522, and numerous other authorities cited in the opinion in that case; Nelson v. Thompson (Tex.Civ.App.) 64 S.W.(2d) 373; Langham v. Thomason, 5 Tex. 127. In practically all of those decisions it affirmatively appeared from the pleadings that the woman had a husband, and it was held that he was a necessary party plaintiff in the absence of an allegation giving her the legal capacity to bring the suit under the provisions of the statute referred to above; while in the suit first filed in the district court of Harris county there was an absence of such a showing.

We quote the following from the opinion of Justice Sharp, formerly of the Commission of Appeals and now Associate Justice of our Supreme Court, in the case of Cavers v. Sioux Oil & Refining Co. (Tex.Com.App.) 39 S.W.(2d) 862, 866:

"It is now the settled rule in this state that when suit was filed in the district court of Stephens county, the jurisdiction of that court attached, with power to permit the pleadings to be amended and amplified, new parties to be made, to determine all essential questions, and do any and all things with reference thereto authorized by the Constitution and statutes of this state.

"Since jurisdiction attached upon filing the suit in the district court of Stephens county, the rule is elementary that it could not be taken away or arrested by the subsequent proceedings in another court.

"It, therefore, follows that the district court of Stephens county, having first acquired jurisdiction, may exercise it to dispose of the whole subject-matter of the litigation and adjust all the equities between the parties. Cleveland et al. v. Ward et al., 116 Tex. 1, 285 S.W. 1063."

The opinion of Chief Justice Cureton in Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063, cited in the above case, contained a specific announcement to the same effect.

■ After the district court of Wichita county acquired jurisdiction of the first suit, Mattie Cooper could have amended her petition and brought in her husband, C. A. Cooper, as a party defendant, the same as was done in her second suit, and the court could have permitted amendments of defendants' pleadings also. We believe it clear that the district court of Wichita county thus acquired prior jurisdiction to determine the merits of plaintiffs' suit, and especially so since the same were necessarily involved in the cross-action, which was an independent suit within itself, making him a defendant also, and that the jurisdiction of that court having first attached, the district court of Harris county was without jurisdiction to determine the same issues in the second suit.

■ The opinion of Justice Smedley, of the Commission of Appeals, in Powers v. Temple Trust Co., 124 Tex. 440, 78 S.W.(2d) 951, 952, is cited in support of appellants' further contention that in the absence of resort to a plea in abatement of the second suit, appellees could not have injunctive relief against the prosecution of that suit.

It appears from that opinion that the second suit was filed and citation issued and served thereon before service of citation in the first suit. The temporary writ of injunction issued by the trial court to restrain the prosecution of the same was dissolved by the Court of Appeals and that ruling was affirmed by the Supreme Court. We quote the following from the opinion in that case:

"In view of the absence both of allegations and of evidence that plaintiff in error resorted or attempted to resort to his remedy at law, the filing of a plea in abatement in the second suit on account of the pendency of the first suit, and the absence of any showing that such remedy would *in the peculiar* circumstances of the case be *inadequate,* the Court of Civil Appeals did not err in dissolving the injunction. It should have been dissolved by the trial court. This conclusion is simply the application of the well-settled rule that: 'Matters that will constitute a defense of which complainant may avail himself in a suit pending or threatened against him cannot be made the ground of an injunction to restrain proceedings in such suit, unless he is prepared to allege and prove *special circumstances showing that he may suffer irreparable injury if he is denied the preventive remedy.'* 32 C.J. pp. 99, 100. See, also, New Amsterdam Casualty Co. v. Harrington (Tex.Civ.App.) 297 S. W. 307; Lingwiler v. Lingwiler (Tex.Civ. App.) 204 S.W. 785; Hill v. Brown (Tex. Com.App.) 237 S.W. 252; Duck v. Peeler, 74 Tex. 268, 11 S.W. 1111. [Italics ours.]

"Plaintiff in error cites Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063, as supporting his contention that injunction may issue from the court first acquiring jurisdiction enjoining the parties to the second action from maintaining it, without first filing a plea in abatement in the second suit and without reference to the adequacy of such defense at law. Cleveland v. Ward does not so hold, and we find nothing in the opinion in that case sustaining such contention. The holding actually made and particularly expressed in that case with respect to the injunction issued by the court that first acquired jurisdiction was that the injunction was issued in the exercise of power conferred by the Constitution and statutes, and that the court's action in issuing the injunction, whether a rightful or wrongful exercise of the power, was reviewable only by appeal to the Court of Civil Appeals at Fort Worth. There was no appeal to that Court of Civil Appeals, and thus there was no decision either by that court or by the Supreme Court of the question whether the injunction was under the facts of the case rightfully issued.

"Plaintiff in error relies upon the following language used in the opinion in Cleveland v. Ward, after the statement that the pendency of a prior suit must be pleaded in abatement in the subsequent suit in order to be available:

" 'This, however, is not the only remedy in trial courts. The parties may, upon proper showing, receive from the court which first obtained jurisdiction an injunction enjoining the parties to the second action from maintaining it.

" 'In the instant case Judge Wilson was in process of the trial, and had passed on the plea in abatement when the injunction was served, although issued before the actual hearing on the plea. At this stage of the proceeding it was entirely proper for the injunction to issue against the parties (except of course Judge Wilson), and there was no impropriety in its issuance before, *for that may have been reasonably necessary.'* [Italics ours.] 116 Tex. [1] 23, 285 S.W. 1063, 1072.

"The language quoted, when read in connection with the holding made as above stated, and in connection with other statements in the opinion to the effect that Judge Ward had the power to issue the temporary injunction, means nothing more than that in such cases it is within the power of the first court to issue the writ of injunction, and that *such writ is properly issued when a showing of necessity for its issuance is made.* There *must be something more than mere proof of conflicting jurisdiction* to warrant resort to equity. There must be evidence of a necessity for the use of injunction." (Italics ours.)

Further quotations are made from Cleveland v. Ward and McCurdy v. Gage, 123 Tex. 558, 69 S.W.(2d) 56, to the same effect that a plea in abatement may be inadequate.

It thus appears in both of the opinions of the Commission of Appeals and of the Supreme Court in Cleveland v. Ward that even in the absence of any attempt to abate the second suit between the same parties and involving the same subject-matter, the prosecution of the second suit may be enjoined if it appears that a plea in abatement thereof is not adequate by reason of special circumstances showing that the party seeking the injunction may suffer irreparable injury if he is denied the preventive remedy.

The facts made the basis for injunctive relief in this case show that a resort to a plea in abatement would have been inadequate, for in the absence of the writ of injunction the defendants not only would have been put to the expense of filing and prosecuting a plea in abatement, but a plea of privilege in that suit by appellees here would have been unavailing, since two additional defendants in that suit were alleged to have their legal residences in Harris county, thus bringing the case within the operation of subdivision 29a, art. 1995, Vernon's Ann.Civ.St., providing that "whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto," and in spite of the fact that the same plea had been sustained by the same court in the first suit and that judgment had become res adjudicata. Dallas Joint-Stock Land Bank v. Webb (Tex. Civ.App.) 48 S.W.(2d) 434. And appellees' rights could not have been finally adjudicated in the second suit until the rights of all other defendants were likewise finally determined.

In Cunningham v. City of Corpus Christi (Tex.Civ.App.) 260 S.W. 266, 268, this was said: "It has been suggested that the writ of injunction should not have been issued, because the matter should have been reached by a plea in abatement. However, that plea would not have been efficacious in this suit for the reason that the parties were not the same nor the cause of action the same. The plaintiff in the one suit was the defendant in the other. 'In such case the general rule is to the effect that the plea of a prior action pending applies only where plaintiff in both suits is the same person, and both are commenced by himself, and not to * * * cross-suits by a plaintiff in one suit who is defendant in the other; in other words, that where the party defendant in the prior suit is plaintiff in the subsequent suit, the first suit cannot be pleaded in abatement of the second.' McCoy v. Bankers' Trust Co. (Tex.Civ.App.) 200 S.W. 1138; Priddy v. Oil Co. (Tex.Civ.App.) 241 S.W. 770, affirmed in (Tex.Com.App.) 250 S.W. 156. There was but one remedy for appellee, and that the equitable one of injunction."

Following are excerpts from 1 Tex.Jur. p. 106:

"Sec. 76: Essential Identities—Generally. In order that a subsequent suit may be abated by the pendency of a prior one, it is, as a general rule, essential that the two suits should involve the same cause

of action between the same parties and in the same jurisdiction. * * *"

"Sec. 77: Same Causes of Action.—In order that one suit may be pleaded in abatement of another the causes of action which are the bases of the two suits must be the same: They must concern the same subject matter, involve the same issues and the same relief must be sought. * * *"

. "Sec. 80: Same Parties.—In order successfully. to interpose the plea of another action pending the parties to the suit should be substantially the same. * * *"

These additional authorities support our foregoing conclusions: 37 C. J. p. 87; Mann v. Pace (Tex.Civ.App.) 58 S.W.(2d) 1070; Simpson v. Amarillo Mutual Benevolent Association (Tex.Civ.App.) 68 S.W.(2d) 597.

. For the reasons stated, the judgment of the trial court is affirmed.