**DEARING et al. v. MORGAN.**

No. 13799.

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 30, 1938.

556

Storey, Sanders, Sherrill & Armstrong, of Dallas, for appellants.

Charles H. Slaughter, of Stanton, and W. S. Moore, of Gainesville, for appellee.

BROWN, Justice.

This is a plea of privilege case.

There are a number of reasons why the pleas of privilege should have been sustained and the entire cause transferred to the District Court of Dallas County for the 14th Judicial District.

Prior to the filing of the cause before us, the appellee, J. A. Morgan, had filed suit in the District Court of Cooke County, making R. W. Fails, R. H. Dearing and F. P. Simmons parties defendant. The cause of action as alleged is substantially the same as that attempted to be alleged in the instant suit. Both suits grow out of and are predicated upon the same alleged original oral contract and facts.

Defendant, F. P. Simmons, duly filed his plea of privilege to be sued in the county of his residence, viz., Dallas County; and no contest being made thereon the District Court of Cooke County made an order on June 5th, 1937, transferring the cause "insofar as it relates to F. P. Simmons" to the District Court of the 14th Judicial District of Dallas County.

It appears that Morgan abandoned and dismissed his first suit, the number of which on the docket of the District Court of Cooke County, is 12,656, and then on July 2nd, 1937, filed a new suit (the one before us) in the District Court of Cooke County, in which he names R. W. Fails, a resident of Archer County, F. P. Simmons and Willis R. Dearing, residents of Dallas County, Royal Petroleum Corporation, domiciled in Dallas County, and Roger J. Atwood, residence unknown, as the defendants.

He alleges that all the defendants "were drilling or were having drilled and were interested jointly, as the owners thereof, in having drilled, for oil and gas, two wells on lands situated in Cooke County, Texas, and known as the Falls Wells Nos. 1 and 2, on the Powell tract * * * and employ-

ed the plaintiff to do certain work and labor, etc."

In this second suit, plaintiff, in giving the aggregate sum due him, on the same items set up in his first suit, prays for a few dollars less than he first sued for. The only substantial difference between the allegations of the first suit and the second is that in the second suit a laborer's lien is sought to be fixed and foreclosed against the lands, and there are new parties defendant named, but none of them are alleged to be residents of Cooke County.

Pleas in abatement were filed by Simmons, Dearing and Royal Petroleum Corporation; and said parties likewise filed pleas of privilege to be sued in Dallas County.

The trial court overruled the pleas of privilege and in abatement presented by Willis R. Dearing and Royal Petroleum Corporation, and sustained similar pleas presented by defendant Simmons. Hence the appeal.

To maintain suit against a non-resident defendant, where plaintiff relies upon the existence of a resident defendant, plaintiff must allege a joint cause of action against the resident and non-resident defendants, and at least prove a prima facie case against the resident defendant. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300.

There being no resident defendant, the plaintiff here must rely upon subdivision 29a of Art. 1995, Vernon's Ann.Civ. St., and to do so must have a cause of action against some defendant suable in Cooke County, and the other defendants must be shown to be necessary parties to the suit.

He makes no pretense at disclosing any defendant who may be sued in Cooke County, except the corporation defendant.

Reviewing the evidence, we do not find any remotely connecting the corporation defendant with plaintiff's claim.

We conclude that the pleas of privilege are all well taken.

Furthermore, this does not seem to be a case that is divisible. The plaintiff seeks to recover jointly and severally against the defendants; therefore, there can be but one final judgment in the case, and the cause having been transferred to the District Court of Dallas County, on the plea of privilege of the defendant Sim-

mons, filed in the first suit, the pleas in abatement are well taken. Clifton v. Price, Tex.Civ.App., 88 S.W.2d 783; Price v. Lovejoy, Tex.Civ.App., 88 S.W.2d 785; Cooper v. United Producers Co., Tex.Civ. App., 95 S.W.2d 211; Watson Co. v. Cobb Grain Co., Tex.Com.App., 292 S.W. 174.

On the question of an attempt upon the part of the trial court to sever the cause of action, and our conclusion that such cannot be done in this case, see Blake v. B. F. Dittmar Co., Tex.Civ.App., 58 S. W.2d 548; Hickman v. Swain, 106 Tex. 431, 167 S.W. 209.

Finally, we call attention to the fact that the controverting affidavits filed by the plaintiff below, and appellee here, do not raise any issue touching venue in Cooke County. In them plaintiff asserts that the trial court has jurisdiction and venue is laid in Cooke County, because "plaintiff filed herein, on the 2nd day of July, A. D. 1937, a petition, a copy of which is attached and made a part of this controverting plea and marked Exhibit 'A' and plaintiff says that the allegations of such petition are true and correct."

Article 2007, R.C.S. provides: "If the plaintiff desires to controvert the plea of privilege, he shall within five days after appearance day file a controverting plea under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending."

The language employed means something or same is useless.

We hold that the right to refer to the plaintiff's petition and to make it a part of the controverting plea, is one given in aid of the controverting plea, to the extent that allegations in the petition are permitted to be thus used to aid the specific allegations that are made in the controverting plea.

For this additional reason, the pleas of privilege should have been sustained.

The judgment of the trial court sustaining the pleas of privilege and in abatement, filed by defendant, F. P. Simmons, is by us undisturbed, and the judgment of the trial court is in all other respects reversed; the pleas of privilege and in abatement of the defendants, Willis R. Dearing and Royal Petroleum Corporation, are sustained, and the cause is remanded to the District Court of Cooke County, and the clerk of such court is instructed to transfer the case in its entirety, and as to all defendants, to the District Court of Dallas County for the 14th Judicial District.