**JAX BEER CO. et al. v. PALMER.**

No. 14200.

Court of Civil Appeals of Texas. Fort Worth.

March 28, 1941.

Rehearing Denied May 9, 1941.

Weslow, Beadle & Keilin, of Houston (F. F. Beadle, of Houston, of counsel), for appellant Jax Distributing Co.

Cantey, Hanger, McMahon, McKnight & Johnson and J. A. Gooch, all of Fort Worth, for appellant Jax Beer Co.

Rogers & Spurlock, of Fort Worth, for appellants Elmore A. Rossi and Max Borger.

H. S. Lattimore, of Fort Worth, for appellee L. G. Palmer.

BROWN, Justice.

This cause comes to us because the trial court overruled pleas of privilege filed by four of the six defendants named in the plaintiff's petition, all having residences and domiciles in Harris County, Texas.

Plaintiff (and appellee) brought suit against Jax Beer Company, alleging that it is a corporation "having an agent in Tarrant County, Texas, and also having an agent, to-wit: Elmore A. Rossi, in Harris County, Texas, and upon whom service may be had," and against "Jean Rossi, who resides in Tarrant County, Texas, and Elmore Rossi, who resides in Harris County, Texas," and against "Jax Distributing Company, a corporation, * * * having an agent in Tarrant County, Texas, to-wit, Jean Rossi, upon whom service may be had, and Max Borger, who resides in Harris County, Texas, and the Jackson Brewing Company, a corporation residing in Louisiana, and having as its agent in Texas, the Secretary of State * * * who resides in Travis County, Texas."

We take the statement of the nature of appellee's cause of action from his brief. "L. G. Palmer, appellee, brought this suit for damages for destroying his business as local distributor of beer, naming as the defendants and conspirators and trespassers, the Jackson Brewing Company, New Orleans, Louisiana, a corporation which manufactures 'Jax' beer; and Jax Beer Company, a Texas corporation, having its principal office at Houston, Texas, being a general distributor and a local distributor of 'Jax' beer; and the Jax Distributing Company, a Texas corporation having its principal office at Goose Creek, in Harris County, Texas; and individuals Jean Rossi, Elmore Rossi and Max Borger; alleging that he, Palmer, was in the business of selling Jax beer at Fort Worth, Texas, and that these defendants jointly conspired to deprive him of having any more beer to sell, and jointly agreed that they would not furnish him any more Jax beer for sale, and that accordingly, in Tarrant County, refused to sell him any more Jax beer, and did destroy his business * * *. The plaintiff contended that the trespass and crime had been committed against the plaintiff in Tarrant County, and alleged that Jax Distributing Company was properly sued in Tarrant County, as having an office and agent here, and that Jean Rossi resides in Tarrant County. Thereby venue was alleged to be had in Tarrant County as against all defendants."

We do not believe that the citation of the many authorities, establishing the rules, is necessary to support the following proposition: In order to defeat the pleas of privilege of the four residents of Harris County, it was necessary to make out a prima facie case against the resident defendant, Jean Rossi, or to make out a prima facie case against the corporation defendant that maintained an office and agent in Tarrant County—Jax Distributing Company—and show that the other defendants are necessary parties defendant, or it was necessary to make out a prima facie case of a conspiracy entered into in Tarrant County, to wrongfully destroy plaintiff's business.

Jackson Brewing Company, a Louisiana corporation, is the manufacturer of Jax beer. Jax Beer Company, a Texas corporation, is a General Distributor, as defined by Article 667—3, Vernon's Texas Penal Code, known as the Texas Liquor Control Act, and Jax Distributing Company, a Texas corporation, according to the testimony, is a wholesale and retail distributor, with its main office in Harris County and a branch office in Tarrant County.

It seems that appellee, Palmer, had been acting as wholesale distributor in Fort Worth, Tarrant County, and that Jax Beer Company, through whom he obtained the right to handle Jax beer, in such capacity, decided to give the business to Jax Distributing Company, and such company opened a branch office in Fort Worth for the purpose of taking over this business. It seems that the Brewing Company, of

Louisiana, only sells to such Texas distributors as may be nominated by Jax Beer Company.

We see no reason why this may not be lawfully done without violating any anti-trust law.

The fact that the manufacturer declined to sell beer to Palmer, after another distributor had been chosen to handle the beer in the Fort Worth territory, does not tend to establish a conspiracy in restraint of trade that is condemned by the anti-trust laws of Texas—Articles 7426, 7427 and 7428, Revised Civil Statutes of Texas.

The proof shows that the distributors chosen to handle Jax beer are free to sell to and all retailers are free to purchase the beer in Texas, and there is neither hint nor suggestion that the price is fixed for the sale of same.

■ Palmer relies upon Texas Public Utilities Corporation et al. v. Edwards et al., Tex.Civ.App., 99 S.W.2d 420, writ dismissed, and Griffin v. Palatine Ins. Co., Tex. Com.App., 235 S.W. 202, but the opinion cited was withdrawn and a new opinion written. It is found in Tex.Com.App., 238 S.W. 637, and the judgment of the Court of Civil Appeals 202 S.W. 1014, was affirmed. . . The gist of these opinions is that one or more persons may refuse to have any business dealings with another person and not be liable for their acts, but they "may not with impunity influence another person, whether a party to the conspiracy or not, to refrain from business relations with such person without being guilty of an actionable wrong."

There is neither hint nor suggestion that any of the named defendants ever sought to induce the brewers, or distributors, of any other make of beer not to deal with Palmer.

■ Assuredly, Palmer does not intend to imply that the manner of dealing with beer by the defendants, through which he became a distributor, constitutes an unlawful act, when measured by the anti-trust laws of Texas. If this were his contention, he would be a party to the same and could not sue for damages on the theory that the further continuance of his contract has been denied.

■ Even if the evidence adduced had tended to support the issue of an unlawful conspiracy against Palmer, there is no evidence tending to show that this was done in Tarrant County.

There is not the slightest evidence that the resident defendant, Jean Rossi, had anything to do with the acts complained about.

The evidence is insufficient to make out a prima facie case against Jax Distributing Company, the Harris County corporation, that maintains a local office and agent in Tarrant County, and the cause of action, as pleaded, appears to be one that is not divisible. The plaintiff seeks to recover damages against the named defendants jointly and severally, on the theory that they have conspired to destroy his business, and did so destroy it. See Dearing et al. v. Morgan, Tex.Civ.App., 120 S.W.2d 555.

■ We believe there is another reason why the pleas of privilege should have been sustained by the trial court.

Palmer was not attempting to deal with a commodity that all men have the inherent right to buy and sell. He was dealing with a commodity that no person may purchase and sell, within Texas, without complying with the Texas laws regulating such sales, and providing for the character of persons who may so deal in such commodity and the granting of permits to such persons, under certain restrictions and regulations.

He sues because he was a distributor of Jax beer up to a certain date, when he avers that the defendants conspired to destroy his lucrative business, by refusing to permit him to continue as a distributor.

We believe that it was incumbent upon him to allege and prove that when his business was destroyed, through the conspiracy, he was a licensed distributor of beer in Fort Worth, Texas. We do not see how he could make out a prima facie case without such pleadings and proof. See authorities under Note 21, pages 868 to 873, inclusive, Vol. 30 A.L.R.; also Kadane v. Clark, 135 Tex. 496, 143 S.W.2d 197.

The judgment of the trial court is reversed and the cause is remanded, with instructions to transfer the suit to the District Court of Harris County, Texas.

### On Motion for Rehearing.

We find no evidence that Jackson Brewing Company had any part in making The Jax Distributing Company a distributor of its beer in Fort Worth, rather than Palmer, and we find no evidence even tending to show that Jax Beer Company would profit by changing the distributor from Palmer to Jax Distributing Company.

The evidence, as we analyze it, does not tend to show a conspiracy entered into by any two of the named defendants to destroy Palmer's business.

The conclusions we have reached are not in conflict with the holdings in any authority cited and relied upon by appellee.

The motion for a rehearing is overruled.