**BORGER v. HAZELWOOD et al.**

No. 6249.

Court of Civil Appeals of Texas. Texarkana.

Nov. 14, 1946.

Keilin & Pepper, of Houston, for appellant.

Fred Erisman and Ewing Adams, both of Longview, for appellees.

HARVEY, Justice.

This is an appeal from an order of the district court of Gregg County overruling a plea of privilege of appellant to be sued in Harris County, his place of residence.

Tom Irick sued Marjorie Hazelwood, et al., appellees, in Gregg County on an action for debt. In their answer the defendants filed a cross-action against Irick and a party by the name of W. T. Clemmons, alleging that these two were partners in the operation of the Rex Package Store in Gregg County, where they resided, and also made David Borger, a resident of Harris County, a defendant to such cross-action. It was alleged in the cross-action that in May, 1945, that David Borger, a wholesale distributor of beer, sold a carload of beer containing 2,000 cases, at a specified price per case with a deposit of one dollar per case on the bottles to Tom Irick and W. T. Clemmons, owners of a retail liquor store known as Rex Package Store, which firm was not licensed to receive or sell beer; that the Texas Liquor Control Board upon learning of this shipment of beer threatened to seize it, which would have caused a substantial loss to Borger and the owners of the Rex Package Store; that the seller and

purchasers of the beer contacted Marjorie Hazelwood, and her partners in the operation of Charlie's Cash Way Liquor Store, which was licensed to sell beer, with the proposal that they accept the beer in their name as an accommodation to the seller and buyers of the beer, since otherwise such parties would suffer a serious financial loss; that Hazelwood and her partners were promised a refund of one dollar per case on the empty bottles, and further shipments of beer, which was hard to obtain at that time. Appellees further alleged that they agreed to the proposal as an accommodation to Borger, Irick, and Clemmons, "who were alarmed at their illegal transactions, and were afraid to continue to sell such beer without being qualified"; that Borger had already been paid for the beer, but not by appellees; that they received 1,310 cases of the shipment, paying Irick and Clemmons, the original purchasers, the sum of $4,752.40 therefor. In their answer appellees denied being indebted to Irick, and in their cross-action alleged that Borger and the original buyers of the carload of beer, Irick and Clemmons, were indebted to them $1,650 on empty cases which appellees had on hand, but which Borger, Irick, and Clemmons refused to accept, plus some additional damages.

Marjorie Hazelwood, the only one to testify on the hearing on the plea of privilege, testified in substance to the allegations of the cross-action, and detailed how Borger, Irick, and Clemmons came to her and related that they were going to lose the carload of beer because they were violating the law; that if she would allow the name of her store to be used in the consignment with reference to this beer she could keep as many cases of it as she could use; that being interested in getting beer, as well as more beer in the future, she allowed the name of her firm to be used as consignee in order to keep the Texas Liquor Control Board from confiscating the shipment of beer, and a new invoice was prepared wherein the name of her store was substituted for that of the Rex Package Store; that her firm received 1,310 cases of the carload lot.

The law is well established in this state that in a suit against a resident and a non-resident of a county where the case is instituted, in order to maintain venue in such county against the non-resident defendant, upon a hearing on a plea of privilege it is essential that a bona fide cause of action against the resident defendant be pleaded and proved, and in addition the petition must show a joint cause of action against the resident and non-resident defendants, or such a cause of action against the resident defendant so intimately connected with that against the non-resident defendant that the two actions may be joined under the rule intended to avoid a multiplicity of suits. Richardson v. D. S. Cage Co. et al., 113 Tex. 152, 252 S.W. 747; Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300; Page v. Paterson, Tex.Civ.App., 180 S.W.2d 660. This is true whether venue is sought to be maintained under exception 4 or under exception 29a, Art. 1995, Vernon's Texas Statutes, 1936, except when the latter exception is invoked it is requisite that it appear that the non-resident defendant is a "necessary" party, as distinguished from a "proper" party. Exception 29a of the article above referred to, under which the plaintiffs in this suit sought to maintain venue in the county where the suit was filed, reads as follows:

"No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases: * · * *

29a. Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

In order to defeat the plea of privilege filed by the non-resident Borger, it was incumbent upon the plaintiffs to establish a bona fide cause of action against the resident defendants. A "Cause of action," as defined in Black's Law Dictionary (2d Ed.) and quoted in Davis v. Clark, Tex.Civ.App., 271 S.W. 190, 192, is a "Matter for which an action may be brought. The ground on which an action

may be sustained." The term implies a legal right, the violation of which is a basis for redress in a judicial proceeding. If one has no legal right to sue, he has no cause of action. Applying this concept to the undisputed facts of the instant case, it is readily apparent that the plaintiffs failed to plead, or to 'make out a prima facie cause of action against the resident defendant at the hearing on the plea of privilege filed by the defendant Borger. The entire transaction sued upon was illegal, or arose out of an illegal contract. The beer in question had been sold to Irick and Clemmons, and paid for by them; the sale was made by them to Marjorie Hazelwood and her partners, with full knowledge on the part of Hazelwood of the illegality of the sale by reason of the fact that Irick and Clemmons could not re-sell the beer as they were not licensed beer dealers. None of the parties to the deal had an enforceable right of action against any of the others for a breach of any of the terms of the deal in question. Art. 667—1 et seq. of the Penal Code of Texas, Vernon's Texas Statutes, 1936, requires that a license be obtained by any one desiring to sell beer in Texas, and provides for penalties for a violation of this requirement. 'Section 24 of the same article, 1939 Supplement, makes it unlawful for a beer manufacturer or distributor "To make any delivery of beer under any agreement, arrangement, condition, or system whereby the person designated as the receiver merely acts as an intermediary for the shipper or seller and the actual receiver, including any delivery of beer to a factor or broker; or to employ any other method whereby any person is placed in actual or constructive possession of beer without acquiring title thereto, or whereby any person designated by the shipper or seller as the purchaser did not in fact purchase the same, or to make any other kind of transaction which in law may be construed as a consignment sale."

The facts pleaded clearly indicate a violation of the statutes to which reference is above made. Our courts uniformly have held that illegal contracts, or claims arising out of them, are not enforceable and have refused to give them legal sanc-

tion. They are, in effect, no contracts at all. Seeligson v. Lewis et al., 65 Tex. 215, 57 Am.Rep. 593; Kadane v. Clark, 135 Tex. 496, 143 S.W.2d 197; Jax Beer Co. v. Palmer, Tex.Civ.App., 150 S.W.2d 452; Kokernot et al. v. Gilstrap et ux., 143 Tex. 595, 187 S.W.2d 368.

Appellees in their brief take the position that the issue presented by a plea of privilege and the controverting affidavit is venue and not that of liability; that defensive matters are not pertinent in disposing of the venue question. With the soundness of this view we are in accord; however, as here, where the facts pleaded as a basis of recovery state no cause of action, the burden on cross-plaintiffs of establishing a bona fide cause of action is not met.

The plaintiffs having failed to plead and prove a cause of action against the resident defendants, the plea of privilege of the non-resident defendant Borger should have been sustained. Accordingly, the judgment of the trial court is reversed and the suit as against defendant David Borger is ordered transferred to the District Court of Harris County, the domicile of such defendant.