## G. W. M. DUCK v. T. M. PEELER.

### No. 6902.

1. **Injunction—Legal Remedy.**—Where the applicant for an injunction has a full and adequate remedy at law an injunction will not be granted. This obtains where any statutory remedy is provided for the redress of the injury.

2. **Board of Equalization.**—Revised Statutes, article 4715, confers upon boards of equalization the power to revise and increase the valuation of any property upon the assessment rolls, and such action is final.

3. **Same.**—The boards of equalization "have the power to correct any errors in the assessment of property at any time before the tax is paid on said property." This remedy should be sought against the illegal act of an assessor in raising an assessment without authority. Sayles' Civ. Stats., art. 4717a.

4. **Valuation.**—If a valuation be fixed upon property by the board of equalization before the tax roll was made out as contemplated by the statute, such valuation would not be subject to further change.

5. **Allegations Necessary to Obtain Injunction.**—Failure to allege that plaintiff was denied the statutory relief, or allegations to its inadequacy, is fatal to an application for an injunction as a remedy.

6. **Same.**—The petition for injunction should show the facts relied upon by positive averment. Statements upon information and belief upon an alleged fact which does not necessarily include the fact sought to be sustained are insufficient.

7. **Board of Equalization—Action of.**—It is not necessary to sustain the acts of the board of equalization in raising a valuation upon the assessment roll that an order of the board making such change be entered in the minutes. It was sufficient to show that the complainant had been cited by the board, that the valuation was in fact made, and that entry was made of the change by the assessor in presence of the

board upon the original assessment, and that such alteration was carried into the completed rolls approved by the county commissioners.

8. **Same.**—See discussion of powers and duties of boards of equalization, and of the mode of action and evidence thereof.

Appeal from Atascosa. Tried below before Hon. D. P. Marr.

This is an appeal from a final decree perpetuating an injunction against Duck as sheriff and collector of taxes, restraining the collection of certain taxes alleged to be illegally claimed by reason of the alleged act of the assessor in increasing the valuation upon the property of the complainant.

The pleadings and testimony are sufficiently shown in the opinion.

The conclusions of law by the court below are here given:

"1. The assessor of taxes having increased the valuation of plaintiff's lands as made by himself without an order of the Commissioners Court, the same is void and confers no right to collect any taxes assessed on such augmentation, and no subsequent action of the Commissioners Court, after they had completed their duties as a board of equalization, in approving finally the rolls could give any validity to such an unauthorized and void increase and change of the assessment and valuation. That plaintiff's assessment, as made by himself and accepted by the assessor, was final unless changed by the board of equalization in the manner prescribed by law, which was not done.

"2. The County Commissioners Court as such or as a board of equalization is a court of record, required to keep minutes and record of its proceedings, and no order thereof affecting the property of a citizen unless entered of record is of any force or effect and can not be proved or enforced, and particularly is this true in matters of taxation, where the law is required to be strictly observed to justify the condemnation of property. As to necessity of record see Brown v. Reese, 67 Texas, 318. I am of opinion that had the sale not been enjoined and the defendant had proceeded and sold plaintiff's lands under the rolls containing this unauthorized increase of the valuation of the lands the sale would have been void, and no presumption in support thereof would have been indulged that the increase (which varies from the original list made by plaintiff) was made under proper authority, nor could the fact have been proved aliunde the record, there being no order of record. I am of opinion also that the order should have been made, if at all, at the July Term, 1887, to which term the plaintiff had been cited to appear, so that he might have contested the matter. All legal taxes having been paid by the plaintiff let the injunction be made perpetual as to the balance, plaintiff to recover costs."

*W. J. Bowen,* for appellant. — 1. Threatened irreparable injury and cloud upon title as alleged in the petition and in connection with the

other allegations therein and the amount in controversy are insufficient to sustain the action by injunction. Red v. Johnson, 53 Texas, 284; H. & T. C. Ry. Co. v. Presidio County, 53 Texas, 518; T. & P. Ry. v. Harrison County, 54 Texas, 119; Blanc v. Meyer, 59 Texas, 91, 92.

2. A suit against a county tax collector in his official capacity to restrain him from collecting State and county taxes is in effect a suit against the county, and as such can only be brought against it in its corporate name. Rev. Stats., art. 1200.

3. The original inventory being in evidence with two different valuations upon it, both placed there by the assessor, his testimony was competent and admissible to explain the same and to show the facts in relation to both of said valuations and the entries upon said inventory. George v. Dean, 47 Texas, 74; I. & G. N. Ry. Co. v. Smith County, 54 Texas, 6.

4. The material facts alleged in defendant's sworn answer are uncontradicted and fully sustained by the evidence and present a full and complete defense to the action.

The board of equalization met at the time prescribed by law. The plaintiff was duly notified to appear on July 5, 1887, and show cause why his assessment should not be raised. The court met at the prescribed time and proceeded to the discharge of its duties as a board of equalization, etc. The board discussed the propriety of raising said assessment. The increased valuation was put on plaintiff's original inventory; also the letters, "Bd. Eq." The assessments were under examination on several occasions thereafter, and the rolls having been examined and the errors therein corrected were finally, on August 24, 1887, received, approved, and certified according to law. The approved rolls contained the valuation of plaintiff's lands as raised and increased by the assessor. The entry of increased valuation of plaintiff's lands on the original inventory was made by the assessor while the board of equalization were sitting as such in July, 1887. The assessor was present when the board equalized the valuation and put the increased valuation on the original list. Rev. Stats., arts. 4715, 4717; Acts of 1879, ch. 47, p. 44, secs. 2, 3, 5; I. & G. N. Ry. Co. v. Smith County, 54 Texas, 6; T. & P. Ry. Co. v. Harrison County, 54 Texas, 122; H. & T. C. Ry. Co. v. Presidio County, 53 Texas, 518.

No brief on file for appellee.

STAYTON, CHIEF JUSTICE.—Appellee claims that he rendered for assessment his real estate under oath for the year 1887 at a valuation agreed upon between himself and the assessor and that afterward without authority the latter placed it on the tax rolls at a higher valuation.

He seeks to restrain the collection of taxes on the valuation in excess of that made by himself and avers on information and belief that in the month of June, 1887, he and others were cited to appear before the

board of equalization to show cause why their assessments should not be raised, but he does not aver whether he appeared; all inferences are that he did not.   He further alleges in the same way that the board of equalization " discussed the propriety of raising said assessments, but never made any order changing or affecting the valuation of your orator's property heretofore listed according to law for taxation; that your orator has carefully examined all the minutes of said Commissioners Court; that no such order is therein entered in any manner, shape, or form."

He then alleges that the assessor had no power to change the assessment made by him " without an order of the board of equalization passed in open court and duly entered in the minutes of said court," but that the assessor raised his assessment without authority of law, pretending to have authority from the county judge so to do, and " denies that said assessor acted under any order of said Commissioners Court made and entered according to law, but charges the fact to be that the said assessor arbitrarily and without authority of law raised the assessment of your orator's real estate from $8460 to $13,000."

There are many general averments that the act of the assessor was illegal, wrongful, and without authority; but there is no direct averment that the board of equalization did not direct the property to be assessed at the value placed on it in the tax roll subsequently approved and certified by the Commissioners Court and placed in the hands of the collector.

Looking to the entire petition it is evident that appellee bases his statement that the board of equalization did not order his property to be assessed at the value stated in the tax roll on the fact that he found no such order on the minutes of that court.   The petition does not state that he had applied to the board of equalization at any time to correct his assessment if raised without authority, nor does he give any reason for not doing so or show that he could not have obtained relief in that way if entitled to it.

Several exceptions to the petition were filed and on hearing overruled by the court, and one of these was that the petition showed "no equity and no valid ground in law or equity for the exercise of the equitable jurisdiction of the court by the writ of injunction or for the relief sought."

It is well settled that an injunction will not be granted when the applicant has a full and adequate remedy at law which embraces any statutory remedy provided for the redress of a given wrong.   High on Inj., 28, 29.

If the board of equalization in fact increased the valuation of appellee's property to the sum stated on the tax roll after appellee was cited to appear and show cause why this should not be done, then its action was final, and he could not be heard in that tribunal, nor in any other afterwards, to question it.   Rev. Stats., art. 4715.

If, however, no action was taken by that board and the assessment was

raised unlawfully by the assessor, then the statute gave appellee a complete, speedy, and adequate remedy, for the statute declares that "*the board of equalization shall have power to correct any errors in the assessment of property at any time before the tax is paid on said property.*" Sayles' Civ. Stats., art. 1517a.

This is a broad statute and covers errors in valuation as well as all others, but if the value was fixed by the board of equalization before the tax roll was made out as contemplated by the statute, the valuation, within the meaning of the law, thus fixed could not be erroneous or subject to further change.

The petition failing to show that appellee had been denied this plain remedy existing when this suit was brought, or that for some reason it was inadequate, was fatally defective and should have been so held.

The petition was further wanting in positive statement of facts, for it is evident that the averments of information and belief that the board of equalization had not increased the valuation were argumentative and based on the fact that the minutes of the Commissioners Court did not expressly show that fact. High on Inj., 34, 35. The validity of the valuation placed on the property in the tax roll depended on the action of that board, and the manner in which it was necessary to prove its action was a different matter.

There should have been a direct averment that the board did not raise the value of appellee's property to the sum placed on it in the tax roll, but it may be that the exceptions were not deemed sufficiently specific to point out the defect.

On the trial of the cause the court below held that nothing short of an entry in the minutes of the County Commissioners Court showing specifically that the value of appellee's property was raised by the board of equalization was sufficient or admissible to prove that fact, and for the want of such evidence held that no such order was ever made.

The court found that appellee was notified to appear before the board, that it met at the time specified, and "various orders were made by the court at this term, but the only order relating to the subject of assessments or the board of equalization is the following, made on the 5th:

"'Board of Equalization.—The court proceeded to the discharge of its duties as a board of equalization and after due deliberation completed its labors as such board.' I find consequently that the court at this term made no order raising or changing the valuation of plaintiff's property as listed and rendered by himself as required by law."

The court further found that the Commissioners Court met at the succeeding regular term and adjourned until August 22 "for the further examination and approval of the assessment rolls for the year 1887," and that at the term then held transacted much business and "examined the assessment rolls for that year, correcting the errors therein as they state,

and finally on August 24, 1887, ordered that the rolls be received, approved, and certified according to law, and they were so certified, and when thus approved they contained the valuation of plaintiff's land as it had been raised and increased by the assessor as before indicated."

The court further found that at this term of the court there was no contest over valuations, but that the court merely examined and corrected the rolls as required by law to do. From what thus appears the court found that the valuation of appellee's property was not raised by the board, and therefore perpetuated the injunction.

Appellee attached as an exhibit to his petition, certified by the clerk of the County Court, so much of the original list submitted to the board as showed the original sworn rendition made by him as well as some others, and on this appeared the increased valuation with the abbreviations "Bd. Eq.," which meant "board of equalization."

Appellant proposed to prove by the assessor, the original list being presented to him, that the abbreviations "Bd. Eq." were placed on the list by the county judge, and under the authority and order of the board he placed the increased valuation on the original list in the presence of the board and under its immediate direction, and that the valuation thus shown and carried to the tax roll was actually made by the board.

This evidence was objected to on the ground that no evidence other than the minutes of the court was admissible to prove that the increased valuation was made by the board, and the objection was sustained.

There is no doubt that such matters ought to be shown by the minutes of the court, but it is not clear, looking to all the evidence, that the evidence ought not to have been received. Brown v. Ruse, 69 Texas, 590.

The law requires the assessor to submit all the original lists to the board, and after examination and approval they are required to be returned to him, and therefrom he is required to make the tax rolls, which he must present to the court for examination and approval; and at the same time he is required to return to the court the original lists formerly presented to the board, which are required to be filed in the county clerk's office. Sayles' Civ. Stats., arts. 4717, 4718, 4721, 4722, 1517a.

The manifest purpose for requiring the original lists on which the board acts in making or determining valuations to be returned with the tax rolls to the court is that it may determine whether the tax rolls as to property owners and values are in accordance with the lists before acted upon, and it seems to us that the order approving the tax rolls must under such circumstances be conclusive that the valuations on the rolls are those fixed by the board or court, which is the same body.

The statute does not declare how the approval of the original lists shall be evidenced, and it is probably true that the various boards throughout the State have not thought it necessary that the minutes of the court should show the action had on each individual's rendition, but that it was

enough that the approval of the tax rolls made with the original lists before the court for its inspection was sufficient, and especially so if it was the custom of the board to indicate on the original lists what changes in valuations were determined upon.

It seems to us this ought to be held sufficient evidence of the fact that the valuations placed on the tax rolls were the valuations fixed by the board.

Under the express findings of fact made by the court below as to what the minutes of the Commissioners Court did show we are of the opinion that it must be held, without reference to the excluded evidence, that the valuation of appellee's lands was made by the board and not by the assessor, and for this reason, had his pleadings been sufficient to entitle him to the relief sought, the judgment must be reversed; and as on the facts no other judgment than one for appellant could hereafter be rendered such a judgment will be here entered.

The judgment will therefore be reversed and here rendered for appellant.

*Reversed and rendered.*

Delivered June 7, 1889.