## FOSTER v. KELLEY.  (No. 410.)

Court of Civil Appeals of Texas. Eastland.
March 2, 1928.

1. Waters and water courses ⊝126(1)—Petition for injunction to abate embankment which cast surface water on plaintiff's lands held sufficiently to show inadequacy of legal remedy and irreparable injury.

Petition for mandatory injunction to abate embankment erected by adjoining landowner on his own lands which concentrated surface water and cast it in unnatural and destructive quantities on plaintiff's lands, showing that there would be a recurrence of the injury with the return of the seasons and rains, held to show a continuing trespass which would necessitate a multiplicity of actions at law, and hence to show inadequacy of legal remedies and irreparable injury.

2. Waters and water courses ⊝126(3)—Action for damages and injunction, where embankment cast surface water on lands, held to be disposed of under common-law and equity rules (Vernon's Ann. Civ. St. 1925, art. 7589).

Appeal in action for damages and for mandatory injunction for abatement, where embankment concentrated surface water and cast it in unnatural and destructive quantities on plaintiff's lands, held to be disposed of under rules of common law and equity, and not by statute, including Vernon's Ann. Civ. St. 1925, art. 7589, and article 7589a (Gen. & Sp. Laws 1927, c. 56, § 1), which latter article was not in force when cause of action arose nor when case was tried.

3. Waters and water courses ⊝124, 125—Landowner is entitled to damages and injunction, where embankment casts surface water on his lands.

Landowner is entiled to damages and to mandatory injunction for abatement, where embankment constructed by adjoining landowner on his own lands concentrates surface water and casts it in unnatural and destructive quantities on plaintiff's lands.

Appeal from District Court, Taylor County; M. S. Long, Judge.

Suit by E. W. Kelley against A. A. Foster. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Wagstaff, Harwell & Wagstaff, of Abilene, for appellant.

Cox & Hayden, of Abilene, for appellee.

LESLIE, J. In the trial court Kelley, the plaintiff, sued Foster, the defendant, for damages, and prayed the court for mandatory injunction, directing the abatement of a levee erected by Foster on his own lands and which it is alleged concentrated the surface water and cast same in unnatural and destructive quantities on complainant's lands, to his injury and damage in the sum of $1,000.

The trial was before the court and jury and resulted in a verdict and judgment favorable to the plaintiff, Kelley. The jury awarded $100 damages and the court decreed the abatement of the levee, granting a mandatory injunction to effect the same. Appeal has been perfected and the action of the trial court in entering the judgment is assailed by five assignments of error.

[1] The first four propositions will be considered together, as they have been so treated in appellant's brief. They complain of the insufficiency of the plaintiff's petition and assert the evidence insufficient to support the judgment granting the injunction.

We do not agree to appellant's contention that the plaintiff's petition alleged "an adequate remedy at law, and did not allege * * * that he did not have an adequate remedy at law and did not allege that he would suffer irreparable injury."

The plaintiff's title to the land is not questioned and his petition presents a case in which an adjoining landowner, by the construction of an embankment, cast surface water in excessive, unnatural, and destructive quantities upon and over complainant's farm lands. The pleadings, properly construed, present that there will be a recurrence of the injury with the return of the seasons and the rains. The trespass is a continuing one and may be avoided only by an abatement of the levee. As said in 5 Pomeroy's Equity Jurisprudence, § 1910:

"Very often indeed the injury is irreparable only because it is continuous or repeated, when it would not be if temporary, and in such cases the injunction will issue as a matter of course." Kellogg v. King, 114 Cal. 378, 46 P. 166, 55 Am. St. Rep. 74; Heath v. Minneapolis, St. Paul & Sault Ste. Ry. Co., 126 Minn. 470, 148 N. W. 311, L. R. A. 1916E, p. 977; 1 Pomeroy's Equity Jurisprudence, § 243 et seq.

The evident multiplicity of suits suggested by the pleadings, and the circumstances set forth, indicate the inadequacy of plaintiff's legal remedies and their impotency to meet the ends of justice. For the protection of his rights the plaintiff cannot be forced to resort to numerous vexatious lawsuits; and a multiplicity of such suits, which is to be prevented, constitutes the very inadequacy of the legal method and remedies under the circumstances. Cragg v. Levinson, 238 Ill. 69, 87 N. E. 121, 21 L. R. A. (N. S.) 417, 15 Ann. Cas. 1229.

The pleadings stated facts showing the inadequacy of legal remedies, the irreparable nature of the injuries complained of, and how a multiplicity of suits would be required, if redress in equity were denied. This was sufficient. 32 C. J. §§ 542, 543.

The assignments discussed are overruled. We deem the fifth assignment without merit, and overrule it also.

[2] This case has been briefed and apparently tried without specific reference to

any statutory provision relating to the subject-matter of the suit. No authorities, are cited by appellee and but one (Duck v. Peeler, 74 Tex. 268, 11 S. W. 1111) by appellant. The question there involved was the overruling of an exception complaining that the petition failed to show that the plaintiff had been denied a plain, adequate legal remedy existing when the suit was filed. No special exception was urged to the petition in the instant case, the petition contains no such vice, and the authority is without application.

The evidence in this record, as stated, indicates that one landowner, by means of an embankment, collected and concentrated surface water on his farm and cast same in unnatural and destructive quantities on the farm of an adjoining landowner. As we read the record, all the waters before the construction of the embankment, as well as thereafter, flowed into the same stream, Salt creek. Thus it appears that article 7589 (Vernon's Annotated Civil Statutes 1925, vol. 21; Revision of Irrigation Laws, Acts 1917) has no bearing, since it has application to taking and diverting "any of the water of the ordinary flow, underflow or storm flow of any stream, water course or water shed in this state into any other natural stream, water course or water shed, to the prejudice of any person or property." However, it is unnecessary to decide this question for reasons hereinafter stated.

Article 7589a is intended to cover the precise state of facts shown by this record, but it was not in force when this cause of action was tried, April 27, 1927, nor does it appear to have been in force when the cause of action arose. It was first enacted in 1915 and remained a part of the civil statutes until 1925, when for some reason, or no reason, it was dropped from the codified statute. The article was, however, re-enacted by the Fortieth Legislature (Gen. & Sp. Laws 1927, c. 56, § 1) and took effect June 15, 1927, after this trial on April 27th prior thereto.

Hence we have concluded that this appeal should be disposed of and the rights of the litigants determined by the rule of the common law and the well-known principles of equity applicable to the state of facts before us, and discussed in the first part of this opinion and in the following: Gembler v. Echterhoff (Tex. Civ. App.) 57 S. W. 313, (writ of error denied); Wilkerson v. Garrett, et al. (Tex. Civ. App.) 229 S. W. 666 (writ of error denied).

[3] On rehearing in the Gembler Case the court say:

"The right of the owner of the upper estate to appropriate or withhold, or the owner of the lower estate to repel, surface water, is a general right of flowage or repulsion only in natural ways and natural quantities. If he alters the natural condition so as to change the course of the water, or concentrate it at a particular point, or by artificial means to increase its volume, he becomes liable for any injury caused thereby."

In the latter case this language is used:

"It is not a question of repelling surface water from his land or of retaining it on his land, but of collecting it and discharging it in such a body upon the land adjacent to his as to seriously damage it. The common law, nor any other kind of law, justifies such action. It is not a question of retaining a right, but one of invading the rights of another, and there is no analogy between this case and those of riparian rights cited by appellant. It was unlawful to throw surface waters in a body on the land of an adjacent owner so as to damage him before the passage of the law of 1915, which forbids the diversion of the natural flow of surface waters in such a manner as to damage the property of another by the overflow of the water diverted or impounded."

For the reasons assigned, the judgment of the trial court is in all things affirmed.