

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-3789
Re: Legality of method adopted
by the Commissioners' Court
of Franklin County to cancel
and reduce original assess-
ments of unrendered property
in Levee Improvement District
No. 1 of that County.

We have received and considered your request for
an opinion from this department. We quote from your request
as follows:

"We have received another letter from F. B.
Caudle, County Attorney of Franklin County, with
reference to the payment of delinquent taxes in
the Levee Improvement District #1 of that County,
which matter was discussed with you a few days
ago. I am enclosing all of the correspondence
we have received with reference to the payment
of the taxes.

"Inasmuch as we came to the conclusion that
the Commissioners' Court did not have the author-
ity to pass the blanket Court Order, which would
reduce all of the unrendered assessments and the
amount of taxes to be collected thereon in the
District by accepting 20% of the taxes charged
on the tax roll, we shall ask that you consider
the matter from the information or statements
given in Mr. Caudle's letter of November 5 and
advise us whether or not there is any remedy other
than to collect the taxes as charged on the tax
roll, together with the penalty and interest due
thereon, unless they go into the District Court
and have a value placed on each piece of property,
as directed in Article 7345b."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Attached to your request is a letter from the County Attorney of Franklin County which contains a detailed recital of the facts pertaining to the reduction of the assessment of the Levee Improvement District No. 1 taxes on the unrendered property for a number of years. You have also enclosed with your request a copy of the order of the Commissioners' Court of Franklin County reducing and correcting and reassessing all of the property located in Levee Improvement District No. 1 of Franklin County for the years 1930 to 1940, inclusive.

This department in opinion No. O-1342 has discussed in detail the circumstances under which a Commissioners' Court would be authorized to make a reassessment under the terms and provisions of Articles 7346, 7347 of the Revised Civil Statutes of Texas. In the opinion referred to we held that an invalid assessment, as that term is used and contemplated in said Article 7346, supra, meant an assessment "which was void ab initio because of non compliance with statutory requirements surrounding the assessment or one which was made fraudulently or one in which a fundamentally wrong scheme of assessment was adopted". We desire to quote further from opinion No. O-1342 where it is said:

"From the opinion of Judge Sharp, in State vs. Mallet Land & Cattle Co., 88 S. W. (2) 471, we quote as follows:

"'The rule has been repeatedly announced that, in the absence of fraud or illegality, the action of a Board of Equalization upon a particular assessment is final; and, furthermore, that such valuation will not be set aside merely upon a showing that the same is in fact excessive. If the Board fairly and honestly endeavors to fix a fair and just valuation for taxing purposes, a mistake on its part, under such circumstances, is not subject to review by the Courts. Texas and Pacific Railway Co. vs. City of El Paso, (Tex. Sup. Ct.) 85 S. W. (2) 245; Rowland vs. City of Tyler (Tex. Com. Ap.) 5 S. W. (2) 756; Druesdow vs. Baker, (Tex. Com. Ap.) 229 S. W. 493; Duck vs. Beeler, 74 Tex. 268, 11 S. W. 1111; State vs. Chicago, R. R. & D. Railway Co. (Tex. Com. Ap.) 263 S. W. 249; Sunday Lake Iron Co. vs. Wakefield, 247 U. S. 350, 38 Sup. Ct. 495, 62 L.ed. 1154. However, the rule has been declared that if a

Honorable George H. Sheppard, Page 3

Board of Equalization adopts a method that is illegal, arbitrary, or fundamentally wrong, the decision of the Board may be attacked and set aside.'

"Other cases use the language that 'as a general rule, the decision of a Board of Equalization upon a particular assessment, in the absence of fraud or irregularity, is conclusive.' Port Arthur Independent School District vs. Baumer, 64 S. W. (2) 412; Nederland Independent School District vs. Carter, 73 S. W. (2) 935. When so used the words 'final' and 'conclusive' mean the same thing. The value of the property as fixed by the Board of Equalization is res adjudicata, subject only to being set aside for fraud or the adoption of a fundamentally wrong method of assessment."

In view of the foregoing statement of the law we now proceed to examine the findings of the Commissioners' Court in its order in which it attempts to cancel original assessments and reassess the property on the unrendered rolls located in Levee Improvement District No. 1 of Franklin County, Texas.

The order of the Court provides one of the grounds for the reassessment to be as follows:

"And it appearing to the Court that there was adopted a fundamentally wrong method of assessment, since the tax assessor's for the past eleven years have made no investigation as to the true value of said lands, and have not been upon same with such in view, but merely copied the unrendered roll for the preceeding years, and never submitted to the Commissioners' Court sitting as a Board of Equalization any assessment and inventory at such time, resulting in an excessive and unreasonable value placed thereon;" (Underscoring ours).

In view of the foregoing authorities already discussed, as well as in view of our holding in opinion No. O-1342, it would seem that if the Court had found that there was a fundamentally wrong method of assessment that such finding

Honorable George H. Sheppard, Page 4

would be one of the instances in which the Courts have held that a Commissioners' Court could set aside a former assessment on the grounds that the same was invalid. However, we think that the order shows on its face that the Court based its finding that there was "a fundamentally wrong method of assessment" upon the fact that the tax assessors for the past eleven years had made no investigation into the true values of the lands in the Levee District, had not been upon the same but had merely copied the unrendered rolls for the preceding years and that the assessor had never submitted the unrendered lists for the eleven years to the Commissioners' Court so that it could pass upon and approve the same. We have been unable to find any authority holding that such omissions and irregularities rendered the assessment invalid under the rules already stated in this opinion. We presume from the facts given that the unrendered tax roll was submitted to the Commissioners' Court for each of the eleven years which it now seeks to reassess and that said unrendered rolls, for each of the eleven years, were approved, respectively, by the Commissioners' Court in the manner required by law. In the case of Haynes vs. State, (Ct. Civ. Aps.) 99 S. W. 405, an attack was made upon an assessment where it was shown that the lists of unrendered property were not made up by the assessor and delivered to the Commissioners' Court for approval but that such property was shown on the unrendered tax roll which was approved by the Commissioners' Court sitting as a Board of Equalization. In holding that the omission on the part of the assessor and collector to act in the manner indicated did not invalidate the assessment the Court said:

> "The statutes directing the assessor to list the unrendered property and submit it to the board for approval before placing it on the tax rolls, we are of the opinion, was not such a legal right as that a failure to perform it would render the assessment void."

From what we have said it follows that it is our opinion the finding, just stated, and found by the Commissioners' Court, and appearing in its order, is not, on its face a sufficient basis upon which to render the previous assessments invalid as a matter of law.

Honorable George H. Sheppard, Page 5

We next consider the second finding which the Court found as a basis for cancelling the previous assessments, which reads as follows:

"That no assessed valuation of said unrendered property has been submitted to the Commissioners' Court sitting as a Board of Equalization, which was not in compliance with Article 7206 of the Revised Civil Statutes, in that they did not receive any lists of the unrendered roll for equalization of valuation;" (Underscoring ours).

Of course, Article 7206 of the Revised Civil Statutes of Texas, 1925, requires that the Commissioners' Court pass upon and approve the unrendered tax roll as a prerequisite of the validity of a tax levy. However, from the last part of the above quoted provision from said order there is no finding that the Board did not approve the unrendered tax rolls for the eleven respective years under consideration nor that each of said unrendered rolls for each respective year bore the affidavit of the assessor and collector of taxes of Franklin County as required by law. Under the holding of Haynes vs. State, supra, we think that there is no finding in the Commissioners' Court order, on this ground, which would render the previous assessments invalid as a matter of law.

From all that we have said, we are of the opinion, and you are so advised, that the order of the Commissioners' Court of Franklin County dated October 29, 1941, purporting to cancel the previous assessment on all unrendered lands in Levee Improvement District No. 1 of Franklin County for eleven years beginning with the years 1930-1940, inclusive, does not show the proper legal basis to render previous assessments, for said years on said property, invalid and therefore subject to be cancelled and reassessed in the manner attempted.

This department ruled in opinion No. O-1462, a copy of which is enclosed, that Article 7350 of the Revised Civil Statutes of Texas, 1925, only authorized the Commissioners' Court to correct or reduce values of previous assessments in instances where such original assessments were void. Therefore, we believe, that under said opinion No. O-1462 and opinion No. O-1342, copies of each opinion enclosed, and the other authorities hereinabove referred to, the same rules with

Honorable George H. Sheppard, Page 6

reference to what constitutes an invalid assessment, under the provisions of Article 7350, supra, would be those applicable to Articles 7346 and 7347, supra. In other words, the Commissioners' Court, must find that the original assessments are invalid for any one of the reasons hereinabove given before said assessments can be cancelled and the property reassessed.

In your request you have specifically referred us to the provisions of Article 7345b, of Vernon's Civil Statutes of Texas, and asked our opinion if said Article and the procedure therein authorized is not the only remedy which is available under the circumstances found to exist in Levee Improvement District No. 1 of Franklin County. Of course, that Article of the statutes contemplates the fixing of an adjudged value at the time a tax lien is foreclosed in a Court of competent jurisdiction for delinquent taxes due on property. If suits were filed on all the pieces of property that are delinquent, then, under said statute the Court would be authorized to hear evidence and to make a finding and fix the adjudged value as of the time of the trial. We do not believe, however, that the procedure authorized in Article 7345b, supra, is an available remedy to have an invalid assessment reduced. It merely provides for the District Court, in which a suit for the collection of delinquent taxes is pending, to fix an adjudged value at the time judgment is rendered, for the purpose of establishing a basis for the authorized tax sale. If the assessments are invalid, for any of the reasons already discussed, then we believe that upon a proper finding by the Commissioners' Court pursuant to either Articles 7346 or 7350, supra, then such invalid assessments may be cancelled and the property reassessed in the manner provided in said statutes.

We trust that in this manner we have fully answered your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Harold McCracken*

Harold McCracken
Assistant

APPROVED DEC 2, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

HMcM:mp
Encl.: Opinions Nos. O-1462
and O-1342.

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN