## HICKSON et ux. v. CITY OF VAN ALSTYNE.

### No. 13697.

Court of Civil Appeals of Texas. Grayson.

May 24, 1946.

W. J. Durham, of Dallas, for appellants.

R. M. Carter, of Sherman, for appellee.

LOONEY, Justice.

The City of Van Alstyne, a municipal corporation of Grayson County, Texas, filed this suit against Sie Hickson and wife, Lettie Bell Hickson, residents of said City, to recover delinquent taxes, interest and penalties for six years—1935 to and including 1940—aggregating the sum of $43.94, and to foreclose the tax lien against certain real estate owned by the defendants situated in said City.

Appellants' answer contains a general denial and special defenses based upon the contention that the taxes sought to be recovered are illegal and void, in that, the valuation and assessment of their property was discriminatory against appellants in a number of respects, and violated their rights as guaranteed by Sec. 1, Art. 14 of the Federal Constitution, and Sec. 19, Art. 1, Bill of Rights, of the Constitution of Texas, Vernon's Ann.St.

In a supplemental petition appellee denied these allegations and plead that the appellants were estopped to deny the validity of the taxes sued for, in that, they had voluntarily, willingly and without duress, rendered their real estate for taxes for the years involved at a valuation fixed by them, and approved by the Boards of Equalization of said City; that appellants were also estopped to raise the defense plead, because for many years prior to the years involved they had rendered their said property at the same valuation and voluntarily paid all taxes levied thereon; and for the years 1941 to and including 1944 had voluntarily, willingly and without duress, rendered their said property for a greater valuation and paid all taxes levied thereon by said City; and, furthermore, appellants were estopped to urge said defenses, in that, they failed to file with the Board of Equalization of said City any protest or complaint as to the valuation and assessment of their property for taxes for either of the years involved herein, but voluntarily submitted thereto and acquiesced therein.

The case was set for trial for Monday, October 22, 1945; was placed at the heel of the assignment for that week, but subject to call at any time cases having precedence on the assignment were disposed of; and, all cases having such precedence having been disposed of, the case was called for trial on October 22. Appellee's counsel was present and announced ready; appellants were present in court, but their attorney of record being absent, the following colloquy between the trial judge and appellant Sie Hickson occurred:

"The Court: Your attorney isn't here this morning, is there any reason why he is not here?

"Sie Hickson: He lives in Dallas, and we have not heard from him.

"The Court: He knew this case is set, didn't he?

"Sie Hickson: I guess he did."

Thereupon, the court directed the parties to proceed with the trial. The judgment rendered, among other things, recites:

"Plaintiff being represented by its attorney and the defendants appearing in person: All parties announced ready for trial, etc. A jury was duly impaneled, evidence was introduced, and after the argument the court instructed a verdict for appellee; rendered judgment accordingly for the amount of taxes, interest and penalties sued for, with foreclosure of the tax lien upon the real estate involved."

The judgment also recites:

"And it further appearing to the court that all such things, acts and conditions necessary to be done by plaintiff, the City of Van Alstyne, and its officers in levying, assessing, inventorying, rendering, valuing, listing, reporting, preparing, compiling, correcting, approving, certifying and recording delinquent taxes have been duly and legally performed by the proper officials thereof, and that the City of Van Alstyne is entitled to a judgment for the amount of taxes, penalties, interest and costs due it by virtue of the premises."

We assume that in their motion for a new trial appellants alleged a reasonable excuse for the absence of their attorney; that they alleged a meritorious defense to the action, but, in our opinion, the evidence introduced when the motion for a new trial was heard failed to sustain these allegations. The facts are these: The case was on the assignment for Monday, October 15, 1945, but by agreement of counsel was reset for October 22, and was to be placed at the heel of that week's assignment. It was the court's custom to set all cases for the week on Monday, and each case so set was subject to call on that day; that is, in the absence of a properly evidenced agreement to the contrary. Counsel for both parties recognized that if the cases ahead of the instant case on the assignment should be tried, especially a damage suit, the case would not likely be reached for two or three days, probably not before Thursday; and it is our opinion that appellants' counsel rested on the belief that the case would not be reached before Thursday; in fact, testified that the agreement had with counsel for appellee was to that effect; so, acting on this assumption, appellants' counsel entered upon the trial of another case pending in the district court of Dallas County, and did not know that the instant case had been called for trial until the trial was in progress; and before he could reach the ear of the trial court judgment had been rendered against his clients. However, appellee's counsel fails to agree, stating that there was no agreement that the case would not be tried before Thursday, but admitting that he expressed the opinion that if the cases set ahead of the instant case were tried, it would not likely be reached before Thursday, but said there was no agreement to that effect.

However, we think it immaterial what the agreement was; it was oral, neither reduced to writing, signed and filed as part of the record, nor was it announced in open court and entered of record, as required by general Rule No. 11, Texas Rules of Civil Procedure. In this situation, the court was not required to enforce an oral agreement; so when the case was regularly reached at the heel of the docket and called for trial on October 22, all other cases on the setting for the week having been disposed of, the court directed the trial to proceed—with the result heretofore announced.

However, be that as it may, appellants made no serious effort to show that they had a meritorious defense to the action, in fact, we think, failed utterly in that respect. Although alleging that they had been discriminated against in several respects, notably in the fact that their property was valued at 100 per cent of its market value, whilst the property of other taxpayers was valued at only 60 per cent of its market value, there was complete absence of any proof to that effect.

The record discloses that prior to the years involved, and thereafter including the years 1941, 1942, 1943, and 1944, appellants voluntarily, willingly, and without coercion, rendered their property at the valuation stated in the respective renditions; for a number of years the property was rendered at $250, increased to $275 after appellants purchased an additional lot, and increased to $316 in the renditions for the years 1941 to 1944. The record is silent as to any complaint made by appellants to the Boards of Equalization of said City that their property was excessively valued; on the contrary, it appears that for all the years named, except the six years involved, appellants voluntarily and without objection paid the full amount of taxes due for each year.

■■ In the absence of any showing to the contrary, it must be presumed that the officials of said City having to do with levying and assessing taxes acted legally and fairly in the discharge of their respective duties; and that the annual Boards of Equalization of said City discharged the duties imposed upon them by statute; examined and approved the assessments for each of the years involved, and finally approved the assessor's general tax rolls before any demand for payment was made upon the citizen taxpayer. Zachary v. City of Uvalde, Tex.Com.App., 42 S.W.2d 417. The instant suit, in our opinion, is a collateral attack upon the several judgments of the Boards of Equalization of said City, approving the assessments involved and the value at which the property was assessed at each rendition, and is not maintainable because of the absence of any showing of fraud or something equivalent thereto. See Duck v. Peeler, 74 Tex. 268, 11 S.W. 1111; Early v. City of Waco, Tex. Civ.App., 3 S.W.2d 131, 135; Mississippi Valley Life Ins. Co. v. City of El Paso, Tex.Civ.App., 131 S.W.2d 191.

■ As heretofore shown, appellants voluntarily and without coercion rendered their property at the valuation named in each rendition beginning several years before and including the six years involved herein, also the four years succeeding, without any complaint either to the Board of Equalization or other taxing authorities that their property had been rendered at an excessive valuation, or that they were discriminated against in any manner; and after the several Boards of Equalization approved the assessment rolls, appellants paid all taxes against them, except for the six years involved, without objection or protest as to their illegality. In view of these facts, we are of opinion that appellants' acts and omissions to act constituted a waiver of any right they might otherwise have had under the Federal or State Constitution or statute, and are estopped at this late day to challenge the validity of the assessments or to urge the defenses set up in their pleading. See Louisiana Ry. & Nav. Co. v. State, Tex.Civ.App., 298 S. W. 462, 467, and authorities cited; affirmed Tex.Com.App., 7 S.W.2d 71.

Failing to find reversible error, the judgment of the court below in all things is affirmed.

Affirmed.