

# THE ATTORNEY GENERAL
## OF TEXAS

6.9

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 24, 1957

Hon. R. E. Swift,
County Attorney
Anderson County
Palestine, Texas

Opinion No. WW-137

Re: Whether additional ad valorem
taxes may be collected when
the property was undervalued
on the rendition sheet by the
dropping of a digit and relat-
ed question.

Dear Mr. Swift:

Your letter requesting our opinion relative to the cap-
tioned matter reads, in part, as follows:

"For the year 1947 an assessment of property in
the name of A. S. Maier et al was accepted by the
office of the County Tax Assessor and Collector.
Appearing on the inventory was a description covering
Lot 4, Block 163, Railroad Addition to the City of
Palestine, Texas. By dropping of a digit the value was
in error $9,000.00, as the value listed was $1,000.00
instead of $10,000.00. Through an oversight on the
part of the office of the County Tax Assessor and
Collector, the $1,000.00 figure was accepted as render-
ed for the years 1947 to 1956, inclusive. The taxes
have also been paid on that value for these years.

"May the tax assessor and collector now collect
the taxes on the additional $9,000.00 valuation that was
omitted for these years, and if so will a new valuation
have to be placed on said property by the Board of
Equalization?"

It appears from your statement, above set forth, that
the rendition sheet was in error in the sum of $9,000 in that the
valuation should have been listed as $10,000 and that by reason
of someone "dropping a digit" the property in question was shown
to be valued at $1,000. You state that this $1,000 valuation
was accepted as rendered for the years 1947 to 1956, inclusive,
by the County Tax Assessor and Collector. As you state the tax-
es were paid on the $1,000 valuation, we feel safe in assuming
that the Board of Equalization, in equalizing the various ren-
ditions for the years in question, also accepted as correct the
$1,000 valuation for each year involved.

The Supreme Court of Texas in State v. Mallet Land &
Cattle Co., 88 S.W. 2d 471 (1935) stated the rule as follows:

6,9

". . . The rule has been repeatedly announced that, in the absence of fraud or illegality, the action of a board of equalization upon a particular assessment is final; and, furthermore, that such valuation will not be set aside merely upon a showing that the same is in fact excessive. If the board fairly and honestly endeavors to fix a fair and just valuation for taxing purposes, a mistake on its part, under such circumstances, is not subject to review by the courts. Texas & Pacific Ry. Co. v. City of El Paso (Tex.Sup.) 85 S.W. (2d) 245; Rowland v. City of Tyler (Tex.Com.App.) 5 S.W. (2d) 756; Druesdow v. Baker (Tex.Com.App.) 229 S.W. 493; Duck v. Peeler, 74 Tex. 268, 11 S.W. 1111; State v. Chicago, R.I. & G. Ry. Co. (Tex.Com.App.) 263 S.W. 249; Sunday Lake Iron Co. v. Wakefield, 247 U.S. 350, 38 S.Ct. 495, 62 L.Ed. 1154. ..."

You are therefore advised that based on information submitted the Tax Assessor and Collector does not have the authority to collect the taxes on the additional $9,000 valuation that was omitted for the years in question in the absence of fraud or an illegal method of equalization by the Equalization Board.

## SUMMARY

An erroneous valuation on a property rendition, caused by the dropping of a digit, if approved by the Board of Equalization, in the absence of fraud or an illegal method of equalization, is conclusive and not subject to review.

WVG:pb

APPROVED:

OPINION COMMITTEE
H. Grady Chandler, Chairman

L. P. Lollar

Grundy Williams

J. L. Smith

Edwin P. Horner

REVIEWED FOR THE ATTORNEY GENERAL
BY:
    Geo. P. Blackburn

Yours truly,

WILL WILSON
Attorney General

By W. V. Geppert
   W. V. Geppert
   Assistant